Filed 9/3/14  P. v. Lucero CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　　　v.<br><br>INEZ YVETTE LUCERO,<br><br>　　　　Defendant and Appellant. | F067440<br><br>(Super. Ct. No. MCR039670,<br>MCR045527)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Dale J. Blea, Judge.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] 　　Before Kane, Acting P.J., Detjen, J. and Franson, J.

Defendant Inez Yvette Lucero contends on appeal that the trial court erred in imposing fines that were higher than those imposed at the time she was placed on probation. The People concede and we agree.

## FACTS

On December 28, 2010, in Case No. MCR039670, defendant was charged with various crimes, and shortly thereafter she pled guilty to one count. The trial court granted probation and imposed a $200 restitution fine (Pen. Code, § 1202.4, subd. (b))[1] and a suspended $200 probation revocation fine (§ 1202.44).

On May 8, 2012, the probation department alleged defendant violated her probation by committing certain offenses. Defendant admitted the probation violation allegation. The court revoked and reinstated probation under the same terms, and collected the previously suspended $200 probation revocation fine.

On February 20, 2013, the probation department again alleged defendant violated probation by committing certain offenses. Defendant again admitted the probation violation allegation. The court revoked probation and imposed a prison term of 16 months, to be served concurrently with the term imposed in Case No. MCR045527.[2] The court also imposed a $240 restitution fine (§ 1202.4, subd. (b)) and a $240 suspended parole revocation fine (§ 1202.45).

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] Defendant was also charged with one of the offenses in a criminal complaint in Case No. MCR045527. She pled guilty and the court imposed six years in prison, and imposed a $240 restitution fine (§ 1202.4, subd. (b)) and a $240 suspended parole revocation fine (§ 1202.45).

## DISCUSSION

Section 1202.4 requires the trial court to impose a restitution fine in every case resulting in a conviction, absent compelling and extraordinary reasons. (§ 1202.4, subd. (b).) The restitution amount is set at the discretion of the court within a statutory range. (§ 1202.4, subd. (b)(1).) The fine may be imposed only once, at the time of conviction when probation is granted, and it survives the probationary term; in other words, the original fine in the original amount remains in force even after probation is revoked, and the court has no authority to impose a higher restitution fine at the time probation is revoked. (*People v. Perez* (2011) 195 Cal.App.4th 801, 805; *People v. Arata* (2004) 118 Cal.App.4th 195, 202-203; *People v. Chambers* (1998) 65 Cal.App.4th 819, 820-823.) The corresponding probation or parole revocation restitution fine under section 1202.44 or section 1202.45 must be set in an equal amount to the restitution fine at the time defendant is sentenced. (*People v. Hunt* (2013) 213 Cal.App.4th 13, 16-20.)

Accordingly, the court in this case was not authorized to impose a restitution fine in excess of $200, the amount of the original fine. The restitution fine and its matching parole revocation fine must be reduced to $200 each.

## DISPOSITION

The judgment is modified to (1) strike the section 1202.4, subdivision (b) restitution fine in the amount of $240, and insert the correct fine of $200; and (2) strike the section 1202.45 parole revocation fine in the amount of $240, and insert the correct fine of $200. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modification and forward it to the Department of Corrections and Rehabilitation.